UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MARK ALAN CHAR, | CIV. NO. 23-00474 LEK-KJM |
| Plaintiff, | |
| vs. | |
| MICHAEL JEFFERSON, CASEY IRVINE, FIA DUARTE, SCOTT HARRINGTON, LYLE ANTONIO, JOANNA WHITE, ROBIN MATSUNAGA, MANDY FELDT, VINCE MOE, EDWARD VAOVASA, MICHAEL KEOPUHIWASR., CALVIN MOCK, JR., SHANNON CLUNEY, DEANE HATAKEYAMA, MAURA TRESCH, ROMEY GLIDEWELL, | |
| Defendants. | |

**ORDER GRANTING THE DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT AND JOINDER**

On September 10, 2025, Defendants Michael Jefferson,

Casey H. Irvine, Fiafia Duarte, Scott Harrington, Lyle Antonio,

Joanna Jacklyn White, and Calvin R. Mock, Jr., in their official

capacities, and Scott Harrington, Lyle Antonio, Joanna Jacklyn

White, and Calvin R. Mock, Jr., in their individual capacities

("Defendants"), filed their Motion for Summary Judgment

Regarding Failure to Exhaust Administrative Remedies

("Defendants' Motion"), and Defendant Michael Jefferson, in his

individual capacity ("Jefferson"), filed his Motion for Summary

Judgment for Failure to Exhaust Administrative Remedies

("Jefferson's Motion"). [Dkt. nos. 116, 119.] On September 10,

2025, Defendants Casey Irvine and Fiafia Duarte, in their individual capacities ("Irvine" and "Duarte"), filed a substantive joinder in Jefferson's Motion ("Joinder"). [Dkt. no. 122.] On October 17, 2025, pro se Plaintiff Mark Alan Char ("Char") filed a declaration in opposition to Defendants' Motion, Jefferson's Motion, and the Joinder ("Char's Declaration"). [Dkt. no. 129.] On October 28, 2025, Defendants, Irvine and Duarte, and Jefferson filed their respective replies. [Dkt. nos. 130, 131, 132.] On December 3, 2025, Defendants, Jefferson, and Irvine and Duarte (collectively "Moving Parties") filed a joint supplement in support of their respective requests for summary judgment ("Supplement"). [Dkt. no. 134.]

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Jefferson's Motion, Defendants' Motion, and the Joinder are granted for the reasons set forth below. In other words, summary judgment is granted in favor of the Moving Parties as to all of Char's claims, and Char has no remaining claims in this case.

## BACKGROUND

## I.   Char's Claims and Allegations

The operative pleading is the first amended version of Char's Prisoner Civil Rights Complaint, filed on February 8,

2

2024 ("First Amended Complaint"). [Dkt. no. 8.] The alleged

incidents giving rise to Char's claims in this case occurred at

Halawa Correctional Facility ("HCF"), a state prison where Char

was incarcerated at the time.[1] See First Amended Complaint at

PageID.64, § A.2.

       This Court screened the First Amended Complaint and

permitted the following claims to go forward:

-Char's Title 42 United States Code Section 1983 claim alleging
    that Jefferson, Irvine, and Duarte violated the Eighth
    Amendment prohibition against cruel and unusual punishment
    by using excessive force against him ("Count I");

-Char's Section 1983 Eighth Amendment claim against Defendants
    Scott Harrington ("Harrington"), Lyle Antonio ("Antonio"),
    Joanna Jacklyn White ("White"), and Calvin R. Mock, Jr.
    ("Mock") alleging that they threatened his safety because
    they failed to take appropriate action after being informed
    of Jefferson's threat to Char ("Count II"); and

-Char's intentional infliction of emotional distress ("IIED")
    claim against Jefferson ("Count IV").

See Order: (1) Dismissing in Part First Amended Prisoner Civil

Rights Complaint with Partial Leave Granted to Amend; and

(2) Denying Motion for Appointment of Counsel, filed 2/28/24

(dkt. no. 11) ("2/28/24 Order"), at 1-2, 29;[2] see also First

Amended Complaint at PageID.73-76 (Count I), PageID.77-84

---

    [1] Char is currently incarcerated at HCF. See VINE,
https://vinelink.vineapps.com/search/HI/Person (name search for
Mark Char) (last visited Jan. 28, 2026).

    [2] The 2/28/24 Order is also available at 2024 WL 839555.

(Count II), PageID.95-96 (Count IV).[3] Each of the Moving Parties is sued in his or her individual capacity and official capacity. See First Amended Complaint at PageID.64, § A.3; id. at PageID.66-67, §§ A.4-8; id. at PageID.67, § A.10.

Char was granted leave to amend some of the claims in the First Amended Complaint that were dismissed, see 2/28/24 Order at 29-30, but he elected not to file a second amended complaint, see letter to the Court from Char, filed 3/25/24 (dkt. no. 12) ("3/25/24 Letter").

In Count I, Char alleges that, on August 21, 2021, Jefferson told Char "he was going to beat [Char] up again real soon."[4] [First Amended Complaint at PageID.73, § C.3.] Char also alleges that, on November 25, 2021, Irvine "started to harass Char then refused to give Char his Thanksgiving Day turkey dinner."[5] [Id.] According to Char, he attempted to make a

_____

[3] Defendants argue it is unclear whether the 2/28/24 Order allowed Char to pursue a claim for injunctive relief requiring the return of his cane, which he alleges was taken from him. See Defs.' Motion, Mem. in Supp. at 5 n.1. Char's allegations regarding his cane are only relevant to his excessive force claims against Jefferson and Irvine and to Char's IIED claim against Jefferson. See 2/28/24 Order at 11-12, 26-27. There is no pending claim seeking an injunction requiring the return of Char's cane.

[4] Char alleges Jefferson is employed as a corrections officer/sergeant at HCF. [First Amended Complaint at PageID.64, § A.3.]

[5] Char alleges Irvine is employed as a corrections officer at HCF. [First Amended Complaint at PageID.66, § A.4.]

4

complaint about Irvine to a captain and, while he was waiting
for the captain to arrive at his cell, Jefferson attacked him
without provocation. [Id. at PageID.73-74.] Char states that he
was in protective custody when the attack occurred. See id. at
PageID.78.

Char alleges that Irvine participated in the attack by
picking up Char's cane, which Jefferson had knocked out of
Char's hand, and by encouraging Jefferson to beat Char.
According to Char, Duarte was standing nearby and watched the
attack.[6] Char also alleges the attack was recorded by the HCF
security cameras, and HCF personnel, including White,[7] watched
the recording. [Id. at PageID.74.] Char also alleges that Irvine
and Duarte had the opportunity to intervene and stop Jefferson
from attacking Char, but they failed to do so. [Id. at
PageID.74-75.]

In Count II, Char alleges that he was also beaten by
Jefferson on January 12, 2020 and, after that incident, Char's

---

[6] Char alleges Durate is employed as a corrections officer
at HCF. [First Amended Complaint at PageID.66, § A.5.]

[7] Char alleges White was a corrections officer/captain at
HCF. [First Amended Complaint at PageID.67, § A.8.] Char also
alleges White was the administrative captain who was in charge
of the medium security special housing unit ("Medium SHU")
during the relevant period. [Id. at PageID.79.] Char was
apparently in protective custody in the Medium SHU at the time
of the alleged assault on November 25, 2021. See id. at
PageID.73, § C.3; id. at PageID.77, PageID.79.

attorney sent Harrington, the HCF warden, a letter advising Harrington that Jefferson should not have contact with Char. According to Char, Harrington disregarded counsel's request. [Id. at PageID.77.] Char states that, on September 28, 2021, he sent Harrington and Antonio, the HCF deputy warden, a "lampoon letter" informing them of Jefferson's August 21, 2021 threat, but Harrington and Antonio still refused to keep Jefferson away from Char. [Id.] Char alleges Harrington and Antonio created opportunities for Jefferson to carry out his threat against Char, including the November 25, 2021 assault. [Id. at PageID.78.] Char argues they had a duty to protect him, but they failed to act reasonably to protect him from the constitutional violation that they knew or should have known would occur. [Id. at PageID.78-79.]

Char alleges that, as the administrative captain in charge of the Medium SHU, White was responsible for the safety of all inmates in that unit. Char wrote White approximately twenty-four letters informing her that she was in dereliction and breach of her duty because she allowed HCF staff to harass, threaten, and abuse him. According to Char, White only provided one response, dated April 28, 2021, and, in that response, White refused to protect Char. Char alleges White has admitted that she and other officials were provided with the lampoon letter that Char sent to Harrington and Antonio. Thus, Char argues

6

White was aware of Jefferson's intent to assault him, but White
failed to take reasonable action. Char also alleges White
allowed Jefferson to enter Char's cell on January 12, 2020, and
White failed to discipline Jefferson for the first assault of
Char. Char argues that, based on her knowledge of the first
assault and Char's complaints, White knew or should have known
that Jefferson would carry out his threat to assault Char again.
See id. at PageID.79-80.

       Char alleges that Mock was one of the officials who
read Char's lampoon letter.[8] Thus, Char argues Mock was aware of
Jefferson's intent to assault Char, and Mock failed to take
necessary actions to ensure Char's safety, effectively approving
and condoning the intentional acts. [Id. at PageID.82-83.]

       In Count IV, Char reiterates his allegations regarding
Jefferson and argues Jefferson's actions support an IIED claim.
See id. at PageID.95-96.

## II.  The Motions and the Joinder

       The Moving Parties all argue they are entitled to
summary judgment as to Char's claims against them because Char
failed to exhaust his administrative remedies. [Defs.' Motion at
2; Jefferson's Motion at 2; Joinder, Mem. in Supp. at 1.] In
light of the limited issue presented in Jefferson's Motion,

---

       [8] Char alleges Mock is a corrections officer and chief of
security at HCF. [First Amended Complaint at PageID.67, § A.10.]

7

Defendants' Motion (collectively "Motions"), and the Joinder, whether the threat and assault described in the factual allegations of the First Amended Complaint actually occurred is not before this Court at this time.

> **A.    The Inmate Grievance Program**

The State of Hawai`i Department of Correction and Rehabilitation ("DCR"), formerly known as the Department of Public Safety ("DPS"), has an Inmate Grievance Program ("IGP") to allow inmates under its jurisdiction "to seek a formal and constructive process to address inmate complaints relating to any aspect of his/her conditions of confinement through a credible, confidential, and independent administrative remedy process." See Jefferson's Concise Statement of Facts in Support of His Motion for Summary Judgment, filed 9/10/25 (dkt. no. 120) ("Jefferson's CSOF"), Declaration of Charles J. Laux ("Laux Jefferson Decl."),[9] Exh. A (DPS Department Administration Policy and Procedures Policy No. COR.12.03, effective 4/7/20 ("COR.12.03")) at § 1.0.[10] Inmates are required to use the IGP to

---

[9] Charles J. Laux ("Laux") is a DCR Inmate Grievance Specialist ("IGS"). [Laux Jefferson Decl. at ¶ 1.]

[10] The Laux Jefferson Declaration and Exhibits A through J attached thereto appear to be identical to the declaration and exhibits that Irvine and Duarte submitted. Compare Laux Jefferson Decl. & Exhs. A-J, with Irvine and Duarte's Concise Statement of Facts in Support of Their Motion for Summary Judgment, filed 9/10/25 (dkt. no. 123) ("Irvine and Duarte's
(. . . continued)

raise any complaints or concerns, and the IGP is "the means for receiving, processing, and resolving inmate complaints, including but not limited to policies, procedures, practices, regulations, conditions and staff conduct." [Id. at §§ 4.2, 4.3.]

        At the first step of the IGP, an inmate submits a grievance within fourteen days of the event that is the basis for the grievance ("step-1 grievance"). See id. at § 5.4.a. The inmate must use the PSD 8215, Administrative Remedy Form. See id. at § 5.4.c. If the grievance is accepted, it is deemed filed when it is entered in the Corrections Information Management System. See id. at § 5.6.a. From that point, the section supervisor must provide a written response within twenty working days.[11] See id. at §§ 5.6.a, 5.6.d-e. The response period may be extended once for an additional twenty working days. See id. at § 5.6.c. The lack of a response within the required period

---

CSOF"), Declaration of Charles J. Laux & Exhs. A-J. Defendants also submit a declaration by Laux. See Defs.' Concise Statement of Facts in Support of Their Motion for Summary Judgment, filed 9/10/25 (dkt. no. 117) ("Defs.' CSOF"), Declaration of Charles Laux ("Laux Defs. Decl."). The Laux Defendants Declaration and the Laux Jefferson Declaration are similar, but not identical. The instant Order will cite to the Laux Jefferson Declaration, unless distinct information in the Laux Defendants Declaration is relevant.

    [11] There are different requirements for emergency grievances. See, e.g., Laux Jefferson Decl., Exh. A (COR.12.03) at §§ 5.4.c.3, 5.6.b. Those provisions are not at issue in this case.

constitutes a denial of the grievance at that level. See id. at
§ 5.6.d.

The second step of the IGP is an appeal of the denial
of the step-1 grievance to the warden, branch administrator, or
core program administrator ("step-2 grievance"). The inmate must
file the step-2 grievance within five days after receiving the
denial of the step-1 grievance. The warden, branch
administrator, or core program administrator must respond to the
step-2 grievance within twenty working days. See id. at § 5.6.e.
Because Sections 5.6.c and 5.6.d refer to grievances generally,
see id. at pg. 9, it appears that they also apply at the step-2
grievance stage.

The third step of the IGP is an appeal of the denial
of the step-2 grievance to the division administrator ("step-3
grievance"). The inmate must file the step-3 grievance within
five days after receiving the denial of the step-2 grievance.
The division administrator must respond to the step-3 grievance
within twenty working days. See id. at § 5.6.f. Section 5.6.c
applies at the step-3 grievance stage. See id. at § 5.6.g.

The division administrator's decision on a step-3
grievance is "the final and ultimate recourse in the
Administrative Remedy Process." See id. The division
administrator's decision or lack of response during the required
period "begins the time and clock for the inmate to seek review

10

of the 'final and ultimate recourse in the Administrative Remedy
Process' through the legal system." See id. at §§ 5.6.g-h.

        Inmates must use the IGP "in good faith and in an
honest, respectful and straightforward (to the point) manner,"
and they are cautioned that "[a]ny substantiated abuse of this
program may result in disciplinary action and/or process
restrictions." [Id. at § 5.1.e.] An inmate is only permitted to
submit one issue on each grievance form, but "a reasonable
number of closely related issues" may be submitted on one form.
See id. at § 5.4.c.1.

        **B.    Char's Grievance Restriction**

        In 2019, Char was placed on a grievance restriction
that limited him to submitting one grievance a week for the
period from November 4, 2019 to November 4, 2021. See Laux
Jefferson Decl., Exh. B at PageID.1094 (memorandum dated 11/1/19
to Char from Laux and Leono Ogi, another IGS ("Ogi" and "11/1/19
Restriction Memo")). The 11/1/19 Restriction Memo required Char
to comply with the following procedure:

                You will submit an interunit (Inmate Request) to
                the Grievance Office, requesting ONE (1)
                grievance, which will include date of incident
                and subject matter, and any staff involvement.
                You will receive your grievance and a mailroom
                receipt which you will sign and return that you
                have received the grievance. You will only sign
                and date on Notice of Return (NORD) and/or
                Receipt of Acknowledge (ROA). Any extraneous
                writing will result in further restriction and/or
                disciplinary action.

11

> You may not utilize Grievances from any other
> source, if you do, you risk further restriction.
>
> You may not store unused Grievances. You are
> required to submit the Grievances during the
> issuance week.

[Id.] If Char submitted a grievance in accordance with this procedure, it was responded to pursuant to the IGP process. See Laux Jefferson Decl. at ¶ 11. However, if Char submitted a grievance that did not comply with this procedure, it was considered an unauthorized grievance, and it was administratively closed. In other words, it was not processed as a step-1 grievance. An administratively closed, unauthorized grievance did not count toward Char's one-grievance-per-week limit. See id. at ¶¶ 13-14.

Char was cautioned that his failure to comply with the procedure that was outlined in the 11/1/19 Restriction Memo would "result in further restriction to the Grievance Process" and the "Administrative Closure [of the noncompliant grievance] without further notification to [him]." [Laux Jefferson Decl., Exh. B at PageID.1094 (11/1/19 Restriction Memo).]

In 2020, Char's grievance restriction was modified to allow him to appeal. See id. at PageID.1095 (memorandum dated 6/25/20 to Char from Laux and Ogi ("6/25/20 Modification Memo")). Char signed a form acknowledging that he received the 6/25/20 Modification Memo. See id. at PageID.1096 (Inmate

12

Acknowledgment of Receipt of Grievance Response form signed by
Char on 6/25/20).

In 2021, the restriction period was extended to
November 4, 2023. See id. at PageID.1093 (memorandum dated
2/8/21 to Char from Laux and Ogi ("2/8/21 Extension Memo")).
Char did not sign the acknowledgment form for the 2/8/21
Extension Memo. See id. at PageID.1097 (unexecuted Inmate
Acknowledgment of Receipt of Grievance Response form). In
connection with the matters currently before this Court, Char
disagrees regarding the date that the grievance restriction was
originally imposed, and he also argues that the restriction was
imposed for retaliatory purposes, but he does not contest the
fact that he was subject to a grievance restriction at the time
of the alleged threat on August 21, 2021 and the alleged assault
on November 25, 2021. See Char's Decl. at ¶ 15 (stating that
Char's first grievance restriction was from 11/13/18 to 11/3/19
and that Laux retaliated against him by imposing a second
grievance restriction).

C.    **Alleged Failure to Exhaust**

Laux states that he searched Char's grievance records
and did not find a grievance or an Inmate Request form related
to the alleged assault by Jefferson on November 25, 2021. See
Laux Jefferson Decl. at ¶¶ 17, 19. Based on the timing of the
incident, the week of November 28, 2021 was the earliest that

13

Char could have made a request for a blank grievance form to submit a grievance about the incident. Char did not submit a grievance about the alleged incident during the week of November 28, 2021 or the week of December 5, 2021. See id. at ¶¶ 20-22. During those two weeks, Char only submitted one grievance, Grievance No. 007514, dated November 27, 2021 and received on November 30, 2021. See id. at ¶ 24; Laux Jefferson Decl., Exh. C (Grievance No. 007514). Grievance No. 007514 states that, on November 27, 2021, a HCF captain took Char's cane. Grievance No. 007514 does not mention Jefferson, nor does it mention the alleged November 25, 2021 assault. See Laux Jefferson Decl., Exh. C. Grievance No. 007514 was deemed an unauthorized grievance and was not processed. See Laux Jefferson Decl. at ¶ 24. Because Grievance No. 007514 was not processed, Char still could have submitted another grievance that week under the terms of his grievance restriction. See id.

In a grievance dated January 7, 2022, Char mentioned being assaulted by Jefferson, although the grievance addressed another matter. See id. at ¶ 25; id., Exh. D (redacted version of Grievance No. 007667, dated 1/7/22 and received on 1/19/22). Grievance No. 007667 was deemed an unauthorized grievance. Further, even if Grievance No. 007667 complied with the terms of Char's grievance restriction, it could not be a timely grievance of the November 25, 2021 incident because it was dated forty-

14

three days after the incident, and received fifty-five days
after the incident. See Laux Jefferson Decl. at ¶ 25.

Defendants submit Char's Grievance No. 007563, which
Char dated October 29, 2021 and which was received on
November 2, 2021. [Laux Defs. Decl., Exh. I.] Grievance
No. 007563 includes the allegation that, during the first shift
from August 21, 2021 to August 22, 2021, Jefferson threatened
Char that he would beat up Char soon. [Id.] Grievance No. 007563
was deemed an unauthorized grievance because Char did not follow
the procedures applicable under his grievance restriction. See
Laux Defs. Decl. at ¶ 24.

Laux points out that, at other times, Char has
complied with the terms of his grievance restriction. See Laux
Jefferson Decl. at ¶¶ 27-32; see also, e.g., id., Exh. E
(documents associated with Grievance No. 000308, which Char
dated 6/3/20), Exh. H (documents associated with Grievance
No. 000311, which Char dated 6/23/20), Exh. I (documents
associated with Grievance No. 000314, dated 7/8/20, which was a
step-2 grievance appealing the denial of step-1 Grievance
No. 000307),[12] Exh. J (documents associated with Grievance
No. 000323, which Char dated 8/2/20, a step-3 grievance

---

[12] The documents associated with Grievance No. 000307, which
Char dated May 26, 2020, are attached to the Laux Defendants
Declaration as Exhibit E. [Dkt. no. 117-7.]

15

appealing the denial of step-1 Grievance No. 000310 and the
denial of step-2 Grievance No. 000318); Laux Defs. Decl., Exh. C
(documents associated with Grievance No. 000305, which Char
dated 5/14/20).

Laux states that, in his search of Char's records, he
did not see documentation that Char exhausted the three-step IGP
process regarding the alleged November 25, 2021 assault by
Jefferson. See Laux Jefferson Decl. at ¶ 23; see also id. at
¶ 33.

## III. **Char's Response to the Motions and Joinder**

### A.    **Scope of the Record on Summary Judgment**

Local Rule 56.1(e) states, in relevant part:

> Any party who opposes the motion [for
> summary judgment] shall file and serve with the
> opposing documents a separate document containing
> a single concise statement that admits or
> disputes each fact set forth in the movant's
> concise statement. The opposing party shall, if
> appropriate, admit in part and deny in part a
> fact asserted by the movant, stating specifically
> what is admitted and what is denied. The opposing
> party shall also assert, in a separate section of
> its concise statement, any additional facts the
> party believes the court should consider, set
> forth in the same manner as in the movant's
> concise statement, as described in
> LR56.1(b). . . .

Further, "[f]or purposes of a motion for summary judgment,
material facts set forth in the movant's concise statement will
be deemed admitted unless controverted by a separate concise
statement of the opposing party." Local Rule LR56.1(g). The

16

Moving Parties all filed the required notice and warning, which
addressed, among other things, the requirement to file a
responsive concise statement. See Defs.' Notice and Warning to
Pro Se Prisoner, filed 9/10/25 (dkt. no. 118), at 3; Jefferson's
Notice and Warning to Pro Se Prisoner Pursuant to LR99.56.2,
filed 9/10/25 (dkt. no. 121), at 3; Irvine and Duarte's Notice
and Warning to Pro Se Prisoner, filed 9/10/25 (dkt. no. 124), at
3; see also Local Rule LR99.56.2 (requiring the filing and
service of a "Notice and Warning to Pro Se Prisoner"). This
Court also pointed out that Char was required to file a concise
statement of fact responding to each of the three concise
statements. See Minute Order – EO: Order Setting the Briefing
Schedule for the Motions for Summary Judgment and the
Substantive Joinder, filed 9/12/25 (dkt. no. 126), at
PageID.1301.

          Char did not file a response to either Jefferson's
CSOF, Defendants' CSOF, or Irvine and Duarte's CSOF. Although
ordinarily, the moving party's uncontested statements of
material fact would be deemed admitted under Local Rule 56.1(g),
the Ninth Circuit Court of Appeals has explained that

            "an ordinary pro se litigant, like other
            litigants, must comply strictly with the summary
            judgment rules. Pro se inmates are, however,
            expressly exempted from this rule." [Thomas v.
            Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)]
            (citation omitted). "We have, therefore, held
            consistently that courts should construe

17

> liberally motion papers and pleadings filed by
> *pro se* inmates and should avoid applying summary
> judgment rules strictly." Id. This rule exempts
> *pro se* inmates from **strict** compliance with the
> summary judgment rules, but it does not exempt
> them from **all** compliance. See Blaisdell v.
> Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013)
> ("This rule relieves pro se litigants from the
> **strict application** of procedural rules and
> demands that a court not hold missing or
> inaccurate legal terminology or muddled
> draftsmanship against them." (emphasis added));
> Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir.
> 2012) (even if the petitioner's filings were
> construed liberally, he still failed to identify
> evidence supporting his claim).

Soto v. Sweetman, 882 F.3d 865, 872 (9th Cir. 2018) (emphases in

Soto). This Court also notes that Char attempted to address

Jefferson's CSOF, Defendants' CSOF, and Irvine and Duarte's CSOF

in his declaration. See, e.g., Char's Decl. at ¶ 3 (arguing

summary judgment is not appropriate because there are genuine

issues of material fact, which he argues he has identified

pursuant to Local Rule 56.1(e)); id. at ¶¶ 6-7 (citing Char's

Exhibits A and B as evidence contradicting a statement in ¶ 3 of

the Laux Jefferson Declaration).

        In light of the above, in ruling on the Motions and

the Joinder, this Court will consider the statements of material

fact in the First Amended Complaint or in Char's Declaration

that are based on Char's personal knowledge.[13] See Jones v.

---

[13] Char signed the First Amended Complaint and his
declaration under penalty of perjury. See First Amended
Complaint at PageID.104; Char's Decl. at pg. 6.

Blanas, 393 F.3d 918, 923 (9th Cir. 2004) ("we must consider as evidence in his opposition to summary judgment all of [the pro se prisoner plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct" (citations omitted)). Therefore, to the extent that statements, based on personal knowledge, in Char's Declaration address statements of fact in Jefferson's CSOF, Defendants' CSOF, or Irvine and Duarte's CSOF, this Court will consider those statements of fact to be disputed. If there is no statement based on personal knowledge addressing a statement of fact in Jefferson's CSOF, Defendants' CSOF, or Irvine and Duarte's CSOF, that statement of fact will be deemed admitted. This Court notes that, if Jefferson's CSOF, Defendants' CSOF, or Irvine and Duarte's CSOF contains either 1) a statement of fact that is not necessary to the determination of the issues currently before this Court, or 2) a statement of law presented as a statement of fact, in that instance Char's failure to respond to the statement would not be deemed an admission of the statement.

B.  **Char's Statements and Exhibits**

Char argues the Motions and the Joinder should be denied because there are genuine issues of material fact regarding whether his unauthorized grievances constituted exhaustion of his administrative remedies. See Char's Decl. at ¶¶ 2-3. In the alternative, Char argues his failure to exhaust is not a bar to his claims because there was no administrative remedy available to him, see id. at ¶ 49, because, for example, he made almost daily requests for a grievance form, but the request was denied over fifteen hundred times, see id. at ¶ 50.

Char submits a list of 291 grievances that he attempted to file and that Char alleges Laux refused to process. See id. at ¶ 8; id., Exhs. A-B. According to this list, Char submitted:

> -two grievances within fourteen days after alleged threat by Jefferson on August 21, 2021 - Grievance No. 001642, dated August 27, 2021; and Grievance No. 001648, dated September 4, 2021; see id., Exh. B; and

> -four grievances within fourteen days after alleged assault by Jefferson on November 25, 2021 - Grievance No. 007514, dated November 27, 2021; Grievance No. 002024, dated December 3, 2021; and Grievance Nos. 002027 and 002028, both dated December 5, 2021, see id., Exh. B.

Of these six grievances, only Grievance No. 007514 was submitted with the Motions and the Joinder. See Laux Jefferson Decl., Exh. C (Grievance No. 007514); see also Laux Jefferson Decl. at ¶ 24 (stating Grievance No. 007514 violated the terms of Char's

20

grievance restriction and was therefore an unauthorized

grievance).

## IV.   **The Moving Parties' Supplement**

This Court ordered the Moving Parties to supplement

the summary judgment record by filing: the other five grievances

during the relevant periods; any other grievance that Char

submitted either during the fourteen-day period after August 21,

2021 or during the fourteen-day period after November 25, 2021;

a declaration or affidavit authenticating the exhibits. See

Minute Order – EO: Order Directing the Defendants to Supplement

the Record in Support of the Motions for Summary Judgment and

the Substantive Joinder, filed 11/19/25 (dkt. no. 133), at

PageID.1351.

The Moving Parties' Supplement includes Grievance

Nos. 001642, 001648, and 002028, along with the DPS

documentation regarding the disposition of each. See Supplement,

Supplemental Declaration of Charles Laux ("Laux Suppl. Decl."),

Exh. A at PageID.1363 (Department of Public Safety Grievance

Detail, dated 6/17/24, regarding Grievance No. 001642); id. at

PageID.1364 (Grievance No. 001642, dated 8/27/21); Laux Suppl.

Decl., Exh. B at PageID.1365 (Department of Public Safety

Grievance Detail, dated 6/17/24, regarding Grievance

No. 001648); id. at PageID.1366 (Grievance No. 001648, dated

9/4/21); Laux Suppl. Decl., Exh. D at PageID.1369 (Department of

21

Public Safety Grievance Detail, dated 8/19/24, regarding
Grievance No. 002028); id. at PageID.1370 (Grievance No. 002028,
dated 12/7/21). Grievance No. 001642, Grievance No. 001648, and
Grievance No. 002028 all violated the terms of Char's grievance
restriction and thus were unauthorized grievances. See Laux
Suppl. Decl. at ¶¶ 4-5, 8.

    Laux states that he searched for Grievance No. 002024
and Grievance No. 002027, and determined that the HCF Grievance
Office did not issue those grievance numbers to Char. Further,
Laux did not locate any grievance, submitted by any inmate,
bearing one of those numbers. See id. at ¶ 9. According to Laux,
Grievance No. 007514 and Grievance No. 002028 are the only
grievances that Char submitted during the fourteen days after
the November 25, 2021 alleged assault. See id. at ¶ 6.

## DISCUSSION

    The sole issue presented in the Motions and the
Joinder is whether Char exhausted his administrative remedies
before filing his claims in this case.

> The [Prison Litigation Reform Act ("PLRA")]
> requires prisoners to exhaust "such
> administrative remedies as are available" before
> filing suit in federal court. 42 U.S.C.
> § 1997e(a). Exhaustion must be proper — in
> "compliance with deadlines and other critical
> procedural rules, with no exceptions for special
> circumstances." Ramirez v. Collier, --- U.S. ---,
> 142 S. Ct. 1264, 1275, 212 L. Ed. 2d 262 (2022)
> (internal quotation marks and citations omitted).
> As we have "previously emphasized," however, the

PLRA's exhaustion requirement extends only to
**available** administrative remedies, and "a failure
to exhaust a remedy that is effectively
unavailable does not bar a claim from being heard
in federal court." <u>McBride v. Lopez</u>, 807 F.3d
982, 986 (9th Cir. 2015). . . .

"[T]he ordinary meaning of the word
'available' is 'capable of use for the
accomplishment of a purpose,' and that which 'is
accessible or may be obtained.'" <u>Ross v. Blake</u>,
578 U.S. 632, 642, 136 S. Ct. 1850, 195 L. Ed. 2d
117 (2016) (quoting <u>Booth v. Churner</u>, 532 U.S.
731, 737–38, 121 S. Ct. 1819, 149 L. Ed. 2d 958
(2001)). The assessment of availability is a
"pragmatic analysis," <u>Munoz v. United States</u>, 28
F.4th 973, 975 (9th Cir. 2022), in which the
court "must apply [the availability standard] to
the real-world workings of prison grievance
systems," <u>Ross</u>, 578 U.S. at 643, 136 S. Ct. 1850.

The [United States] Supreme Court has
identified three examples of circumstances in
which administrative remedies are effectively
unavailable: (1) when the grievance system
"operates as a simple dead end — with officers
unable or consistently unwilling to provide any
relief to aggrieved inmates"; (2) when the system
is "so opaque that it becomes, practically
speaking, incapable of use"; and (3) "when prison
administrators thwart inmates from taking
advantage of a grievance process through
machination, misrepresentation, or intimidation."
<u>Id.</u> at 643–44, 136 S. Ct. 1850.

We also have found administrative remedies
effectively unavailable in several circumstances.
<u>See</u> <u>Andres v. Marshall</u>, 867 F.3d 1076, 1078 (9th
Cir. 2017) (describing <u>Ross</u> examples as "non-
exhaustive"). In <u>Fordley v. Lizarraga</u>, we held
that a prison's failure to respond to an
emergency grievance over the course of several
months, and in contravention of its own
deadlines, rendered administrative remedies
unavailable. 18 F.4th 344, 358 (9th Cir. 2021).
In <u>Sapp v. Kimbrell</u>, we similarly held that a
prison's improper screening of a grievance would

> render administrative remedies effectively
> unavailable. 623 F.3d 813, 823 (9th Cir. 2010).
> In Nunez v. Duncan, we held that an inmate was
> excused from the exhaustion requirement where the
> inmate was unable to access a policy necessary to
> bring a timely administrative appeal. 591 F.3d at
> 1226. We reached the same conclusion in cases
> where inmates were unable to access information
> about the administrative grievance process,
> Albino [v. Baca], 747 F.3d [1162,] 1177 [(9th
> Cir. 2014) (en banc)], or the form necessary to
> submit a grievance, Marella v. Terhune, 568 F.3d
> 1024, 1026 (9th Cir. 2009).

Eaton v. Blewett, 50 F.4th 1240, 1244-45 (9th Cir. 2022) (some

alterations in Eaton).

A defendant asserting the affirmative defense of

failure to exhaust has the burden to show that there was an

administrative remedy available to the plaintiff that the

plaintiff did not exhaust. Id. at 1245. If the defendant carries

this burden, the burden shifts to the plaintiff "to show that

something in his particular case made the generally available

administrative remedies effectively unavailable to him." Fordley

v. Lizarraga, 18 F.4th 344, 351 (9th Cir. 2021) (citation

omitted).

The Moving Parties have carried their burden to show

that there was an administrative remedy process that was

generally available to Char, in spite of his grievance

restriction, at the time of the events that are the bases of his

claims in this case. See supra Background Sections II.A-B; see

also Eaton, 50 F.4th at 1245. They have also carried their

24

burden to show that Char failed to complete the three-step IGP process for either the August 21, 2021 alleged threat by Jefferson or the November 25, 2021 alleged assault by Jefferson. See *supra* Background Sections II.C, IV. The burden therefore shifts to Char to show that there is a genuine issue of fact as to whether the generally available administrative remedy process was effectively unavailable to him. See Fordley, 18 F.4th 344, 351; Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

I.    **Claims Based on Jefferson's Alleged Threat**

Count II, Char's threat-to-safety claim, is based on the alleged failure to take necessary action in response to Jefferson's threat against Char. See First Amended Complaint at PageID.77-80, PageID.82-83. According to Char, the alleged threat was made on August 21, 2021. [Id. at PageID.73, § C.3.] Under the IGP, Char was required to submit a grievance about the threat within fourteen days after it occurred. See Laux Jefferson Decl., Exh. A (COR.12.03) at § 5.4.a. Under the terms of Char's grievance restriction, in order to submit a step-1 grievance, Char first had to submit an Inmate Request form for a grievance form. See id., Exh. B at PageID.1094 (11/1/19 Restriction Memo). Char identified two grievances that he

25

submitted within fourteen days after the alleged threat by
Jefferson - Grievance No. 001642, dated August 27, 2021; and
Grievance No. 001648, dated September 4, 2021. <u>See</u> Char's Decl.,
Exh. B.

Grievance No. 001642 alleges that, on August 13, 2021,
when "Sgt. Niheu" ("Niheu") gave Char his one-per-week grievance
form, Niheu denied his request for three additional Inmate
Request forms and Niheu refused to provide the supplies that
Char requested. <u>See</u> Laux Suppl. Decl., Exh. A at PageID.1364
(Grievance No. 001642). Grievance No. 001642 was not processed
on the ground that it violated the terms of Char's grievance
restriction because it was submitted "without requesting via the
Inmate Grievance Office as is required by his restriction." <u>See</u>
<u>id.</u> at PageID.1363 (DPS's Grievance No. 001642 detail) (emphasis
omitted).

In Grievance No. 001648, Char alleges that, on
September 3, 2021, Niheu retaliated against him for filing
Grievance No. 001642 by "refus[ing] to give [Char his] once a
week hindered grievance." <u>See</u> Laux Suppl. Decl., Exh. B at
PageID.1366 (Grievance No. 001648) (emphasis omitted). Grievance
No. 001648 was not processed for the same reasons that Grievance
No. 001642 was not processed. <u>See</u> <u>id.</u> at PageID.1365 (DPS's
Grievance No. 001648 detail).

26

Char claims there was a conspiracy, led by White and
Laux, to prevent him from exhausting the IGP process by
withholding grievance forms from him, and White instructed
sergeants assigned to the Medium SHU not to give Char grievance
forms.[14] See Char's Decl. at ¶ 23. Presumably, Char's position is
that this conspiracy included Niheu's refusal to provide Char
with grievance forms that he described in Grievance No. 001642
and Grievance No. 001648.

Char states that, in the last seven years or more,
inmates in the Medium SHU submitted an Inmate Request form to
the third-shift sergeant/ACO, who would "usually . . . but not
always" give the inmate a grievance form. See Char's Decl. at
¶¶ 10-11. Char cites examples from 2020 when he was given from
three to ten grievance forms in a single day by
sergeant/corrections officer in the Medium SHU. See id. at
¶¶ 25-26.

Char argues a sergeant/corrections officer in the
Medium SHU has the authority under COR.12.03 to distribute
grievance forms. See id. at ¶ 26; see also Laux Jefferson Decl.,

---

[14] Char does not identify any evidence supporting his
conspiracy allegations, and he does not have personal knowledge
of the alleged conspiracy. Therefore, this Court will not
consider Char's conspiracy allegation in determining whether
there is a triable issue of fact that precludes summary
judgment. See Jones, 393 F.3d at 923. Char's conspiracy
allegation is only relevant insofar as it is part of the theory
behind Char's threat-to-safety claim.

Exh. A (COR.12.03) at § 5.4.c ("The inmate shall obtain PSD
8215, Administrative Remedy Form from staff.").[15] Thus, Char
contends that the thirty-nine grievances he described in
paragraph 25 were authorized grievances, see Char's Decl. at
¶ 26, and he would have been able to exhaust the grievance(s) he
intended to submit on the forms that he requested from Niheu.

       In considering the Motions and the Joinder, this Court
cannot make a determination regarding the credibility of Char's
statements about the distribution of grievance forms in the
Medium SHU. See Estate of Lopez ex rel. Lopez v. Gelhaus, 871
F.3d 998, 1009 n.10 (9th Cir. 2017) ("At the summary judgment
stage, '[c]redibility determinations, the weighing of the
evidence, and the drawing of legitimate inferences from the
facts are jury functions, not those of a judge.'" (alteration in
Lopez) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986))). However, even
if Char is correct that the standard practice during the
relevant period was for a sergeant/corrections officer to
distribute grievance forms to inmates in the Medium SHU, the
terms of Char's grievance restriction required him to submit his

---

[15] This Court considers the version of COR.12.03 that was in
effect at the time of the alleged threat on August 21, 2021 and
the alleged assault on November 25, 2021. This Court rejects
Char's argument that the version of COR.12.03 that was in effect
at the time that his grievance restriction was imposed should
apply. See Char's Decl. at ¶ 42.

inmate request to the Grievance Office to obtain a grievance
form. See Laux Jefferson Decl., Exh. B at PageID.1094 (11/1/19
Restriction Memo). Thus, even if Char could present admissible
evidence at trial to prove his allegation that Niheu withheld
grievance forms from him during the two-week period after the
August 21, 2021 threat by Jefferson, the withholding of the
forms did not "thwart [Char] from taking advantage of [the]
grievance process." See Ross, 578 U.S. at 644. Even if Char had
obtained both of the required forms from Niheu in the Medium
SHU, and even if this Court assumes that Char would have used
the grievance form he obtained from Niheu to submit a grievance
reporting the August 21, 2021 threat by Jefferson, the grievance
Char submitted on the form that he obtained from Niheu would not
have been processed because it would have violated the terms of
his grievance restriction. See Laux Jefferson Decl., Exh. B at
PageID.1094 (11/1/19 Restriction Memo, requiring Char to submit
an inmate request to the Grievance Office to request a grievance
form). Char has not identified any evidence in the record
suggesting that he was prevented from obtaining a grievance form
from the Grievance Office during the two-week period after
August 21, 2021. Further, Char has not identified any other
evidence in the record that raises a genuine dispute of fact as
to the issue of whether there were other circumstances that
prevented him from exhausting the IGP process regarding any

claim arising from the August 21, 2021 alleged threat by
Jefferson.

Even viewing the record in the light most favorable to
Char,[16] he has failed to identify a genuine dispute of fact as to
the issue of whether the generally available administrative
remedy process was effectively unavailable to him at the time of
the alleged threat by Jefferson on August 21, 2021. This Court
therefore concludes that Harrington, Antonio, White, and Mock
are entitled to judgment as a matter of law as to Char's threat-
to-safety claim because Char failed to exhaust his
administrative remedies before filing the instant case.
Defendants' Motion is granted as to Count II.

Similarly, to the extent that portions of Char's
claims against Jefferson in Counts I and IV are based upon
Jefferson's alleged threat on August 21, 2021, there are no
genuine issues of material fact, and Jefferson is entitled to
judgment as a matter of law because Char failed to exhaust his
administrative remedies. Jefferson's Motion is therefore granted
as to the portions of Counts I and IV alleging claims against
Jefferson, in his individual capacity, based on his alleged
threat on August 21, 2021. Defendants' Motion is granted as to

---

[16] In considering the Motions and the Joinder, this Court
must view the record in the light most favorable to Char as the
nonmoving party. See Harris v. Cnty. of Orange, 17 F.4th 849,
855 (9th Cir. 2021).

the portions of Counts I and IV alleging claims against
Jefferson, in his official capacity, based on his alleged threat
on August 21, 2021.

## II.  **Claims Based on the Alleged Assault**

The alleged assault by Jefferson, which Irvine
allegedly participated in and encouraged, and in which both
Irvine and Duarte failed to intervene, occurred on November 25,
2021. See First Amended Complaint at PageID.73, § C.3. In order
to comply with COR.12.03 and the terms of his grievance
restriction, Char had to request a grievance form and submit his
grievance about the alleged assault within fourteen days after
the assault occurred. See Laux Jefferson Decl., Exh. A
(COR.12.03); id., Exh. B at PageID.1094 (11/1/19 Restriction
Memo).

Char identified four grievances that he submitted
within fourteen days after the alleged assault by Jefferson -
Grievance No. 007514, dated November 27, 2021; Grievance
No. 002024, dated December 3, 2021; and Grievance Nos. 002027
and 002028, both dated December 5, 2021. See Char's Decl.,
Exh. B. However, Char neither submitted a copy of these
grievances nor stated what each of these grievances addressed.
The Moving Parties have provided Laux's testimony that: neither
Char nor any other HCF inmate submitted a grievance bearing the
number 002024 or 002027; see Laux Suppl. Decl. at ¶ 9; and

31

Grievance No. 007514 and Grievance No. 002028 are the only
grievances that Char submitted during the fourteen days after
the November 25, 2021 alleged assault, see id. at ¶ 6.

        "When opposing parties tell two different stories, one
of which is blatantly contradicted by the record, so that no
reasonable jury could believe it, a court should not adopt that
version of the facts for purposes of ruling on a motion for
summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).
Even viewing the record in the light most favorable to him, Char
has failed to identify any admissible evidence that rebuts
Laux's testimony that Grievance No. 007514 and Grievance
No. 002028 are the only grievances that Char submitted within
fourteen days after November 25, 2021. Char's conclusory list
grievance numbers and associated dates is insufficient to raise
a genuine dispute of fact as to the issue of whether Char
submitted more than two grievances in the fourteen-day period
after November 25, 2021.

        Grievance No. 007514 alleges that, on November 27,
2021, Captain Eddie Vauvasa, identified in this case as Edward
Vaovasa ("Vaovasa"), joined the conspiracy against Char by
threatening to use force against Char unless Char gave Vaovasa

32

his new cane.[17] See Laux Jefferson Decl., Exh. C (Grievance
No. 007514). Grievance No. 007514 was not processed on the
ground that it violated the terms of Char's grievance
restriction because it was submitted "without requesting via the
Inmate Grievance Office as is required by his restriction." See
Laux Suppl. Decl., Exh. C at PageID.1367 (DPS's Grievance
No. 007514 detail) (emphasis omitted).

In Grievance No. 002028, Char alleges that, on
December 7, 2021, a nurse, Mandy Feldt, R.N. ("Feldt") refused
to have Char transported to a medical appointment that was made
for him while he was at a hospital emergency room.[18] See Laux
Suppl. Decl., Exh. D at PageID.1370 (Grievance No. 002028).
Grievance No. 002028 was not processed for the same reasons that
Grievance No. 007514 was not processed. See id. at PageID.1369
(DPS's Grievance No. 002028 detail).

Neither Grievance No. 007514 nor Grievance No. 002028
mentions the alleged assault by Jefferson on November 25, 2021.

---

[17] Vaovasa was named as a defendant in the First Amended
Complaint. See First Amended Complaint at PageID.68, § A.13. Two
of Char's claims against Vaovasa were dismissed with leave to
amend, but Char chose not to file a second amended complaint.
See 2/28/24 Order at 19, 25; 3/25/24 Letter.

[18] Feldt was named as a defendant in the First Amended
Complaint. See First Amended Complaint at PageID.68, § A.12. Two
of Char's claims against Feldt were dismissed with leave to
amend, but Char chose not to file a second amended complaint.
See 2/28/24 Order at 18, 23; 3/25/24 Letter.

Thus, even construing the record in the light most favorable to Char, they are not attempts to exhaust his administrative remedies regarding the alleged assault by Jefferson on November 25, 2021. Further, Char has not identified any evidence in the record suggesting that he was prevented from obtaining a grievance form from the Grievance Office during the two-week period after November 25, 2021. Char has failed to present any evidence or to identify any evidence presented by the Moving Parties that raises a genuine dispute of fact as to whether there were other circumstances that prevented him from exhausting the IGP process regarding any claim arising from the November 25, 2021 alleged assault by Jefferson.

Even viewing the record in the light most favorable to Char, he has failed to identify a genuine dispute of fact as to the issue of whether the generally available administrative remedy process was effectively unavailable to him at the time of the alleged assault by Jefferson on November 25, 2021. This Court therefore concludes that Jefferson, Irvine, and Duarte are entitled to judgment as a matter of law as to Char's excessive force claim, and Jefferson is entitled to judgment as a matter of law as to Char's IIED claim, because Char failed to exhaust his administrative remedies before filing the instant case. Jefferson's Motion is granted as to the portions of Counts I and IV alleging claims against Jefferson, in his individual

34

capacity, based on the November 25, 2021 alleged assault. In addition, Irvine and Duarte's Joinder is granted as to the portions of Count I alleging claims against them, in their individual capacities, related to the November 25, 2021 alleged assault. Similarly, Defendants' Motion is granted as to: the portions of Count I alleging claims against Jefferson, Irvine, and Duarte, in their official capacities, based on the November 25, 2021 alleged assault; and the portion of Count IV alleging a claim against Jefferson, in his official capacity, based on the alleged assault.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies, Jefferson's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, and Irvine and Duarte's substantive joinder in Jefferson's Motion, all of which were filed September 10, 2025, are GRANTED. Summary judgment is granted in favor of the Moving Parties as to all of the remaining claims in Char's First Amended Complaint, filed February 8, 2024. There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter final judgment and close the case on **February 27, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**MARK ALAN CHAR VS. MICHAEL JEFFERSON, ET AL; CV 23-00474 LEK-KJM; ORDER GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND JOINDER**